**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RICHARD POMMER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:07-cv-537 (WWE) |
| | : | |
| C/O VAUGHN, C/O DICOSMO, CAPTAIN | : | |
| WARREN, CAPTAIN FREEMAN, BENJI | : | |
| HERNANDEZ, JEFFREY TARANOVICH, C/O | : | |
| OBER, C/O LAWLOR,[1] C/O HARRIS, | : | |
| WARDEN DZURENDA, THERESA C. | : | |
| LANTZ, C.S.W. DePASS, JOHN DOE | : | |
| and JANE DOE, | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This action arises from plaintiff Richard Pommer's claims that defendants used

excessive force upon him and ignored his complaints that he feared for his safety while

he was imprisoned and that this conduct violated his rights under the Fifth, Eighth and

Fourteenth Amendments to the United States Constitution.  Now pending before the

Court is defendants' Motion for Summary Judgment (Doc. #46).  For the following

reasons, the motion will be granted.

**BACKGROUND**

Defendants submitted a brief, a stipulation of facts and supporting exhibits.

Plaintiff's response included a brief and a counter-statement of facts pursuant to Local

Rule of Civil Procedure 56(a)(2).  The substantive section of plaintiff's brief consisted of

the following, in its entirety:

---

[1]      The correct name of this defendant is "Lawlor," not "Lawyer."  The Clerk is
instructed to amend the case heading accordingly.

1

> In the present case, most of the evidence submitted in support of the defendants' summary judgment motion is unauthenticated and inadmissible. It may not be considered and should be stricken. What little evidence remains simply does not support any of the defendants' claims.

Plaintiff's 56(a)(2) statement denied many of defendants' assertions on the grounds that the exhibits upon which defendants relied were "unsworn, unverified and not admissible evidence." Therefore, to ensure that the Court only reviews admissible evidence, see Credle-Brown v. State Dep't of Children & Families, 2009 U.S. Dist. LEXIS 33561, *12-13 (D. Conn. Apr. 21, 2009) (court may only review admissible evidence on a motion for summary judgment), it will address which of defendants' challenged exhibits are admissible.[2]

The exhibits to defendants' statement of facts include reports prepared by corrections officials after the incidents, videos of the incidents, medical reports and other reports prepared by the staff of the Department of Corrections. The burden of establishing that evidence is admissible is on the proponent of the evidence. Bourjaily v. United States, 483 U.S. 171, 174 (1987).

To be deemed admissible as authentic, these reports must be "accompanied by a written declaration of its custodian or other qualified person … (A) certifying that the record was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice." Fed. R. Evid. 902(11). Although rule 903

---

[2]      Exhibits 37-42, 45-52 and 56 were included by plaintiff, acting pro se, when he filed his complaint. The Court, therefore, will not strike any of these exhibits.

2

provides that a subscribing witness's testimony is unnecessary in certain situations,

there must still be evidence to meet the requirements of subsections (B) and (C).

Plaintiff points to no law that would require the testimony of a subscribing witness under

rule 903.

Defendants must also demonstrate that the reports meet an exception to the

hearsay rule, either as a business record under rule 803(6) or as a public record under

803(8).  Rule 803(6) states, in pertinent part:

> A ... report ... in any form, of acts, events, conditions, opinions,
> or diagnoses, made at or near the time by, or from information
> transmitted by, a person with knowledge, if kept in the course
> of a regularly conducted business activity, and if it was the
> regular practice of that business activity to make the
> memorandum, report, record or data compilation, all as shown
> by the testimony of the custodian or other qualified witness ...
> unless the source of information or the method or
> circumstances of preparation indicate lack of trustworthiness.

. Fed. R. Evid. 803(6).  Alternatively, the exception for public records provides that:

> [R]eports, statements ... in any form, of public offices or
> agencies, setting forth (A) the activities of the office or agency,
> or (B) matters observed pursuant to duty imposed by law as to
> which matters there was a duty to report..., or (C) in civil
> actions and proceedings ... factual findings resulting from an
> investigation made pursuant to authority granted by law, unless
> the sources of information or other circumstances indicate lack
> of trustworthiness.

Fed. R. Evid. 803(8).  The advisory committee's note to the rule recommends four

factors useful in assessing the trustworthiness of such materials: (1) the timeliness of

the investigation; (2) the special skill or experience of the reporter; (3) whether a

hearing was held in conjunction with the investigation, the level at which the hearing

was conducted, and the procedures invoked; and (4) any motive on the part of the

3

informant that could interfere with accuracy.  See Fed. R. Evid. 803 advisory committee's note.

The Local Rules of Civil Procedure require "evidence that would be admissible at trial."  Local R. Civ. P. 56(a).  Evidence before the Court on summary judgment is subject to the same requirements as evidence presented at trial.  Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).  All evidence must be properly authenticated.  11 James Wm. Moore et al., Moore's Federal Practice ¶ 56.14[4][a] (3d ed. 2008); see also Barlow v. Connecticut, 319 F. Supp. 2d 250, 257 (D. Conn. 2004); Dedyo v. Baker Eng'g N.Y., Inc., 1998 U.S. Dist. LEXIS 132, *12-13 (S.D.N.Y. Jan. 13, 1998).  Unsworn statements which do not purport to be made on personal knowledge cannot be used in support of summary judgment.  Beyah v. Coughlin, 789 F.2d 986, 989-990 (2d Cir. 1986).

In addition, courts examining incident reports in excessive force cases have found such reports to be inadmissible under rule 803(6) because they are self-serving and lack indicia of reliability.  See Lewis v. Velez, 149 F.R.D. 474, 486 (S.D.N.Y. 1993); see also Giles v. Rhodes, 2000 U.S. Dist. LEXIS 13980, *28-29 (S.D.N.Y. Sept. 26, 2000).  In Palmer v. Hoffman, the Supreme Court discussed the self-serving nature of accident reports prepared by railroad employees and their admissibility.  The Court commented that such accident reports are not:

> [T]ypical of entries made systematically or as a matter of routine to record events or occurrences ... to provide internal controls.  [T]he fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made "in the regular course...."

4

Palmer v. Hoffman, 318 U.S. 109, 113 (1943).  The Court cautioned that admission of

such accident records would lead to trial by self-serving statements made by the

business.  The Court continued:

> Any business by installing a regular system for recording and
> preserving its version of accidents for which it was potentially
> liable could qualify those reports under the Act. The result
> would be that the Act would cover any system of recording
> events or occurrences provided it was "regular"and though it
> had little or nothing to do with the management or operation of
> the business as such.  Preparation of cases for trial by virtue
> of being a "business" or incidental thereto would obtain the
> benefits of this liberalized version of the early shop book rule.
> The probability of trustworthiness of records because they
> were routine reflections of the day to day operations of a
> business would be forgotten as the basis of the rule.

Id., at 113-114.  The Supreme Court feared that trial courts would look at the regularity

of the report to determine its admissibility instead of the more important issue of

reliability.

The Court of Appeals for the Second Circuit addressed a similar issue in

Romano v. Howarth.  There, the Court of Appeals ruled that a prison guard's

statements contained in a prison nurse's incident report were inadmissible hearsay.

Romano, 998 F.2d 101, 108 (2d Cir. 1993).  The fact that the nurse's statements may

have been admissible under rule 803(6) did not allow the Court to admit the guard's

statements contained within the nurse's report because of fears of its reliability.

Under rule 803(8), the various incident and medical reports are admissible as

public records to the extent that they are not based on other individuals' statements.

Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991).  Hearsay statements

within the reports, such as statements by other individuals, are inadmissible, unless

they fall within an exception to the hearsay rule.  See United States v. Pazsint, 703 F.2d 420, 424 (9th Cir. 1983) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not.").

In light of these evidentiary principles, the Court will consider only self-authenticating exhibits.  To the extent that any such exhibit contains inadmissible hearsay, the Court will review only the admissible portion of such exhibit.  The admissible exhibits are exhibit 37 and the affidavits of Larry Vaughn, Robert S. Discomo, Edward E. Harris, Jr. Martin W. Lawlor, Jr., James E. Dzurenda and Jon Warren.  On the basis of these exhibits, the Court is unable to recount the facts of this case except as apparent from the allegations of the complaint.

For the sake of background, the Court will recount plaintiff's allegations as set forth in his complaint, which was filed pro se, although plaintiff is currently represented by counsel.  Plaintiff alleges that defendants committed assault and battery against him and humiliated him in violation of 42 U.S.C. § 1983.  Plaintiff's claims all relate to the conditions of his confinement.  For example, he alleges that defendants Hernandez, Taranovich, Ober, Lawlor and Harris spit into his food and refused to provide plaintiff with showers or recreation.

As to these and the other defendants, plaintiff also claims that on March 8, 2006, he was handcuffed and forcefully handled in the course of a transfer to a new cell. Plaintiff also asserts additional claims stemming from the temperature in his cell in February 2006.  Finally, plaintiff asserts claims related to his cell conditions and his treatment at the hands of defendants.

6

**DISCUSSION**

Defendants move for summary judgment first on the grounds that plaintiff's claims related to his conditions of confinement are barred by plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  Under the PLRA, "no action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This provision is mandatory, Booth v. Churner, 532 U.S. 731, 739 (2001), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Connecticut Department of Corrections provides a system to redress grievances related to a prisoner's confinement.  This system allows a prisoner to have a formal review of his grievance, including those related to health issues.  Should a prisoner fail to properly file a grievance, the grievance is dismissed and requirements of the PLRA are left unfulfilled.  See Woodford v. Ngo, 548 U.S. 81, 95 (2006) (requiring proper exhaustion of state administrative remedies under the PLRA).

Defendants claim that plaintiff did not properly exhaust his administrative remedies and such failure deprives this Court of jurisdiction over plaintiff's claims.  In support of this argument, defendants claim that plaintiff mistitled his grievance and then failed to remedy such mistake within the appropriate time after it was dismissed.  Plaintiff did not respond to this argument even though he did not deny the facts upon which it is based in his counterstatement of facts.

7

Plaintiff does not dispute that he filed a grievance, that the grievance was rejected and that the appeal of the dismissal was filed late.  Therefore, plaintiff has not properly exhausted his administrative remedies under the Department of Corrections Administrative Directives.  In light of this failure, defendant's motion for summary judgment will be granted because the Court lacks subject matter jurisdiction over plaintiff's condition-of-confinement claims under Porter and Woodford.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Doc. #46).  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 27th day of May, 2009.

_____/s/_____
Warren W. Eginton
Senior United States District Judge